UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER-BOYD BARKUS, | Case No.: 3:22-cv-470-RSH-NLS |
|---|---|
| Plaintiff, | **ORDER:** |
| | **GRANTING MOTION TO DISMISS** |
| v. | **DIRECTING PLAINTIFF TO EFFECTUATE SERVICE OF PROCESS** |
| POLLY H. SHAMOON, et al., | |
| Defendants. | [ECF No. 3] |

Plaintiff's Complaint, filed on April 7, 2022, asserts one cause of action under 42 U.S.C. § 1983 based on an alleged violation of his constitutional rights to due process and equal protection. ECF No. 1. Plaintiff is proceeding *pro se*. The alleged violations arise from criminal proceedings against him in California Superior Court, County of San Diego, Case No. SCD287135. ECF No. 1 at 4. Plaintiff seeks damages, an injunction that Defendants "leave him alone, to avoid further injury," and a declaratory judgment finding that Defendants violated his constitutional rights. *Id.* at 6.

Two of the named defendants, California Superior Court Judges Polly Shamoon and Joseph Brannigan, moved to dismiss the claim against them with prejudice, on the basis of

(1) the *Younger* abstention doctrine, (2) judicial immunity, (3) Eleventh Amendment immunity, and (4) the Complaint's failure to otherwise state a claim (the "Motion"). ECF No. 3 at 2. Plaintiff did not oppose the Motion.[1]

## I.     Analysis

The Court grants the Motion for two reasons.

*First*, "[a] long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). This immunity is overcome in only two sets of circumstances. *Id.* at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008).

Additionally, Section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity." *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004). "The statute provides that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Id.* (quoting 42 U.S.C. § 1983).[2] *See Ezor v. Lacey*, No. 21-55383, 2022 WL

---

[1]      Under this Court's Local Rules, failure to timely respond to a motion "may constitute a consent to the granting of a motion." CivLR 7.1(f)(3)(c).

[2]      For purposes of this provision in Section 1983, declaratory relief is deemed available to a plaintiff who could pursue an appeal in state court. *See Weldon v. Kapetan*, No. 17-cv-1536, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) (finding § 1983 claims against

1184165, at *1 (9th Cir. Apr. 21, 2022) (holding that "section 1983 'contemplates judicial immunity for injunctive relief for acts taken in a judicial capacity'" (quoting *Wolfe*, 392 F.3d at 366)); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim under § 1983 against the judge who entered the default, because the judge is absolutely immune for judicial acts."); *Ison v. Superior Ct.*, No. 2:21-cv-01546, 2022 WL 4484019, at *7 (E.D. Cal. Sept. 27, 2022) ("[J]udicial immunity applies regardless of whether Plaintiffs seek monetary damages, injunctive, or declaratory relief.").

Here, the Complaint seeks to hold Judges Shamoon and Brannigan liable for actions they allegedly took, or failed to take, in presiding over Plaintiff's criminal case. Plaintiff seems to allege that he appeared before Judge Brannigan on November 1, 2021, and claimed that a previous plea had been asserted on his behalf without his knowledge, but that Judge Brannigan took no meaningful action in response. ECF No. 1 at 4. Plaintiff also alleges that he appeared before Judge Shamoon on March 15, 2022, and that she questioned Plaintiff's competence, requested that he sign a document, threatened to have him arrested and involuntarily medicated if he did not sign the document, refused to answer Plaintiff's questions, and set another hearing. *Id.* at 4-5. However, all of the alleged actions of Judges Brannigan and Shamoon that Plaintiff challenges are judicial in nature, and there is no indication that the Superior Court lacked subject matter jurisdiction.

*Second*, federal courts will abstain from granting injunctive or declaratory relief where granting such relief would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). The *Younger* doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). In the absence of "extraordinary circumstances," abstention in favor of state judicial proceedings is required

state judge failed because declaratory relief was available where plaintiff had opportunity to appeal).

if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "Where *Younger* abstention is appropriate . . . [it] requires dismissal of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988). Here, all three prongs of the *Younger* abstention doctrine are met because Plaintiff's claims all involve decisions made in state criminal proceedings and those proceedings are: (1) ongoing, as described in the Complaint; (2) involve important state interests, namely, the prosecution of violations of California law; and (3) provide Plaintiff the opportunity to litigate federal claims, by pursuing his constitutional arguments in the California courts. *Middlesex*, 457 U.S. at 432.

Plaintiff has not asked for leave to amend. Given the grounds for dismissal, amendment would be futile and leave to amend is denied. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

## II.    Conclusions & Orders

Accordingly, the Motion is GRANTED. The Complaint as to Defendants Shamoon and Brannigan is DISMISSED with prejudice.

Additionally, Plaintiff filed his Complaint on April 7, 2022, but has not filed proof of service as to any of the Defendants in this case. Defendants Shamoon and Brannigan appeared voluntarily without being served, but the other Defendants have not. As to the other Defendants, Plaintiff has therefore failed to serve the Complaint within 90 days of filing, as required by Federal Rule of Civil Procedure 4(m). Nonetheless, the Court grants Plaintiff thirty (30) days from the date of this Order to serve the remaining Defendants. The Court will dismiss the case as to any Defendant that Plaintiff has not properly served in this time.

**SO ORDERED**.

Dated:  November 3, 2022

_____
Hon. Robert S. Huie
United States District Judge